IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) CR No. 94-201
)
DAVID LOUIS MATHIS

**MEMORANDUM ORDER**

On December 6, 1994, Defendant pleaded guilty to a total of six Counts of violating of 18 U.S.C. § 2113 and § 924(c). On February 22, 1995, he was sentenced to concurrent terms of imprisonment of 121 months as to each of five of the counts against him, and 60 months as the remaining count, followed by a term of supervised release. He was also ordered to make restitution in the amount of $114,000.00. Before the Court is Defendant's Motion to Terminate Restitution, which I have considered according to the liberal standards applicable to pro se submissions.

Defendant argues that the twenty-year restitution payment period applicable to him expired on February 25, 2015, under the law as it existed at the time of sentencing. Prior to 1996, the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. 3611-15 (1984), provided that the "liability to pay a fine expires—(1) twenty years after the entry of the judgment; or (2) upon the death of the individual fined." Id. at § 3613(b). In 1996, the VWPA was modified by the MVRA, and the time for enforcement extended. The law was amended to provide that "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years

after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. 3613(b) (1996).[1]

In United States v. McGuire, 636 F. App'x 445 (10th Cir. 2016), the defendant was ordered to pay restitution at the time of his sentencing in 1993. Then, in 2015, he filed a motion to discharge the restitution obligation, on grounds that his twenty-year period of liability under the VWPA had expired. The Court found that even if restitution is deemed punitive and subject to Ex Post Facto Clause analysis, "extending an unexpired limitations period does not violate" the Clause. Id. at 447. Therefore, because the limitations period had not expired in 1996 when the MVRA was enacted, its extension did not violate defendant's rights under the Ex Post Facto Clause.[2] Id. The same is true in this case, and Defendant's Motion [52] will be denied accordingly.

AND NOW, this 3rd day of March, 2017, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[1] Defendant points out that the revision is "to… be effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act." This provision explicitly addresses the MVRA's applicability to sentencing proceedings, rather than procedural enforcement of an order already imposed. Masserano v. Entzel, 2016 U.S. Dist. LEXIS. 170876, at **5-6 (C.D. Cal. Sept. 7, 2016).

[2] Extending an unexpired limitations period applicable to a penalty already imposed differs from the retroactive imposition of a penalty, which would violate the Ex Post Facto Clause. Cf. United States v. Edwards, 162 F. 3d 87, 91 (3d Cir. 1998). The Court of Appeals for the Ninth Circuit reached a result similar to that reached in McGuire, on similar facts, but on somewhat different grounds. In United States v. Richards, 472 F. App'x 523 (9th Cir. 2012), the Court observed that the statute of limitations with respect to liability is procedural, and thus the district court must apply the law in effect at the time of its decision – viz., the MVRA rather than the VWPA, although Defendant was sentenced years before the MVRA was enacted. Id. at 525.